Estate of Jennie E. Hinde, Deceased, The Toledo Trust Company, Administrator de bonis non (successor to Henry J. Hinde, Administrator) v. Commissioner.
Estate of Jennie E. Hinde v. Commissioner
Docket No. 16576.
United States Tax Court
1952 Tax Ct. Memo LEXIS 342; 11 T.C.M. (CCH) 55; T.C.M. (RIA) 52016; January 25, 1952
John J. Kendrick, Esq., Home Bank Bldg., Toledo, Ohio, and G. Charles Scharfy, Esq., for the petitioner. Clarence E. Price, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined an estate tax deficiency in the amount of $196,283.67, as a result of including in the gross estate the value of a remainder interest in a trust which had been created by the decedent, Jennie E. Hinde, on December 31, 1930. The sole question presented for decision is whether that transfer in trust was made in contemplation of death. Section 811 (c), Internal Revenue Code. The parties have entered into a stipulation of facts which, together with accompanying exhibits, is incorporated *343 herein by reference as part of our findings. [The Facts] Jennie E. Hinde was born in February 7, 1861. She died intestate on August 24, 1943, when she was approximately 82 1/2 years of age. Her death was caused by peritonitis resulting from appendicitis with which she had been suddenly stricken at Long Branch, New Jersey, while returning from a vacation at Atlantic City, New Jersey. She was a citizen of the United States, and at the time of her death and at all other times pertinent herein she was a resident of Toledo, Ohio. Decedent was the wife of Henry J. Hinde, who was born March 17, 1863 and died November 16, 1947. He had been a majority stockholder in and president of the Toledo Machine & Tool Company. He sold out his stock interest in that company in the middle or late 1920's, but continued as president until early in 1933. The Toledo Trust Company is administrator de bonis non of the Estate of Jennie E. Hinde, and is successor to Henry J. Hinde, who had previously been administrator. The Federal estate tax return herein was filed with the collector of internal revenue for the 10th district of Ohio, reporting no estate tax due. [1]
*344 On December 31, 1930, Jennie E. Hinde created an irrevocable trust, appointing The Toledo Trust Company as trustee. The income from the trust was payable to petitioner's husband for his life, and thereafter, if she survived him, to certain of his named blood relatives; upon termination, the corpus was to be distributed to the named blood relatives of her husband. At the time she created the trust she had no children or other close living relatives. The corpus of the trust consisted of municipal bonds in the face amount of $751,500, which had an estimated market value of $614,430 at the time the trust was established. At the date of her death, the value of the remainder interests was $670,813.61, and it is the inclusion of this amount in decedent's gross estate which is accountable for the entire deficiency asserted by the Commissioner. [Opinion] The creation of the foregoing trust was part of an overall plan pursuant to which two other trusts were created by decedent's husband on the same day, December 31, 1930. One of those two trusts was irrevocable and the other revocable. The irrevocable trust provided for a monthly income of $2,000 to the donor's wife. Provision was made *345 for distribution of the corpus in accordance with the terms of the trust, here involved, which was created by his wife. The Toledo Trust Company was trustee under all three trusts. The dominant motives underlying the creation of these three trusts were: (1) relief from the responsibilities of management of the investments of Mr. and Mrs. Hinde, so that they could take long vacations, and the placing of the burdens of management in the hands of experienced investment counsel; and (2) income tax savings by, in effect, reallocating Mrs. Hinde's tax exempt income to Mr. Hinde and some of Mr. Hinde's taxable income to Mrs. Hinde in whose hands it would be subject to tax at lower rates. Decedent was in good health at the time she executed the trust in question, on December 31, 1930. She was in good health and did not have any illness of any consequence during the period 1930-1941. She does not appear to have been under the care of a physician, or to have received any medical attention apart from a general check-up at a hospital in 1941. Decedent, in and around 1930, was an optimistic type of woman, cheerful and always looking forward to enjoying life. She was energetic and alert, both *346 mentally and physically. She had a good appetite, enjoyed cocktails before dinner and smoked cigarettes in moderation. She enjoyed dancing, and, in and around 1930, attended dances at least once a week at clubs in which she and her husband were members. She was a good bridge player and won many bridge prizes. Also, at that time, she enjoyed music, played the piano frequently, and attended concerts and the opera. She preferred the company of people younger than herself. After the creation of her trust in 1930, Mr. and Mrs. Hinde commenced taking long vacations, spending several months each winter at Palm Beach, Florida, and several months each summer at Atlantic City, New Jersey. While on such vacation trips, decedent and her husband stayed at expensive hotels, where there was an active social life, and participated therein. They entertained frequently and were entertained frequently, both in Toledo and while on their vacations. Decedent liked to dress fashionably, liked good clothes and jewelry, and enjoyed shopping for clothes and jewelry. During the middle 1930's decedent and her husband took an extended trip through Europe for five months. They also went on an extended tour of *347 the western United States, spending several months in California. We are satisfied, on the entire record, that the transfer in trust made by decedent on December 31, 1930 was not made in contemplation of death, and we so find. Petitioner had made a subsidiary contention that the Commissioner's proposed deficiency, while based generally on Section 811(c) was not predicated upon the contemplation of death clause, and that therefore his subsequent reliance upon that clause placed the burden of proof upon him. However, it is not necessary to pass upon this point, since we are convinced that even if the burden were upon petitioner such burden has been met. The parties have stipulated that two other elements affecting the correct Federal estate tax liability, namely administrative expenses and Ohio inheritance taxes, may be taken into account upon the final disposition of this case under Rule 50. Decision will be entered under Rule 50. Footnotes
1. A tax in the amount of $110.19 was subsequently assessed and paid, and petitioner now seeks refund of that amount.↩